# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50215
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 26, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE ARMANDO CONTRERAS-COMACHO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:13-CR-431

Before STEWART, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Armando Contreras-Comacho (Contreras) appeals following his jury trial conviction of aiding and abetting the possession with intent to distribute 50 kilograms or more of marijuana. He challenges the sufficiency of the evidence, arguing that there was not enough proof to link him to sacks of marijuana found by a Border Patrol agent.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50215

Because the issue was preserved, we determine "whether, viewing all the evidence in the light most favorable to the verdict, a rational trier of fact could have found that the evidence established the essential elements of the offense beyond a reasonable doubt." *United States v. Villarreal*, 324 F.3d 319, 322 (5th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). All reasonable inferences and credibility determinations must be drawn in the light most favorable to the verdict. *Villarreal*, 324 F.3d at 322.

To obtain a conviction on a charge of possession with intent to distribute, "the government must prove: (1) knowing (2) possession of an illegal substance (3) with the requisite intent to distribute." *United States v. Infante*, 404 F.3d 376, 385 (5th Cir. 2005). "For the government to prove guilt under an aiding and abetting theory, it must show that the defendant: (1) associated with a criminal venture; (2) participated in the venture; and (3) sought by action to make the venture successful." *Id.*

There was sufficient evidence to establish Contreras's guilt. Testimony from a cooperating witness established that Contreras was a member of a five-person group that carried sacks of marijuana into the United States. The cooperating witness explained that one of the persons had gotten away and had not been taken into custody. A Border Patrol agent found marijuana-filled sacks hidden under rocks, along with a backpack that contained personal items, including cigarettes, and the cooperating witness identified the cigarettes as those smoked by Contreras and other members of the group. The agent testified that there were distinctive tracks running between the location where the marijuana and backpack were found and the spot, slightly more than a quarter mile away, where he had first observed a group of five people. The group fled from the agent, and he was unable to identify anyone in the group. However, a second Border Patrol agent tracked and eventually located

No. 14-50215

four persons, including Contreras and the cooperating witness, using information supplied by the first agent. Viewing all of the evidence in the light most favorable to the verdict, *see Villarreal*, 324 F.3d at 322, we conclude that a rational trier of fact could have found that Contreras aided and abetted the possession of marijuana with the intent to distribute.

AFFIRMED.